1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

| | |
|---|---|
| INTERTEX, INC., a California corporation d/b/a B-Air Blowers, and KAMILLA ALLEN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DRI-EAZ PRODUCTS, INC., a Washington corporation, and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. C13-165-RSM <br><br> ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR CONSOLIDATION |

18

## I. INTRODUCTION

19

20

21

22

This matter comes before the Court on Plaintiffs' "Motion for Summary Judgment for

Entry of Declaratory Judgment" (Dkt. # 39) and Defendant Dri-Eaz Products, Inc.'s "Motion to

Consolidate Cases with C12-01638-RSM or, in the alternative, to Dismiss" (Dkt. # 41). For the

reasons set forth below, Dri-Eaz's motion is GRANTED and Plaintiffs' motion is DENIED.

23

24

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR
CONSOLIDATION - 1

1

## II. BACKGROUND

2       This declaratory judgment action is the companion case to Dri-Eaz Products, Inc.'s ("Dri-

3  Eaz") breach of contract action currently pending in this Court under Case No. C12-1638-RSM.

4  Dri-Eaz is a Washington corporation that designs, produces and distributes a wide range of

5  restoration, remediation, dehumidifying, and environmental control products.  Kamilla Allen, an

6  Oregon resident, is a former Dri-Eaz Senior Sales Account Manager who now works for Intertex,

7  Inc. (doing business as B-Air Blowers ("B-Air")). B-Air is a California company. The two

8  companion cases concern Ms. Allen's departure from Dri-Eaz and subsequent employment by B-

9  Air. As part of her employment with Dri-Eaz, Ms. Allen was required to sign non-compete and

10  confidentiality agreements. Ms. Allen left Dri-Eaz on or around August 3, 2012 and began

11  working for B-Air on or about September 1, 2012. Dkt. # 1, ¶¶ 15, 16. Dri-Eaz contends that Ms.

12  Allen violated her contractual obligations by accepting employment with its competitor, B-Air.

13       On September 4, 2012, Ms. Allen and B-Air brought the declaratory judgment action in

14  California State Court to prevent Dri-Eaz from enforcing the non-compete agreement against

15  Allen (the "California Action"). Dkt. # 1, p. 8. Dri-Eaz filed suit against Ms. Allen for breach of

16  the non-compete agreement in Skagit County, Washington (the "Washington Action"). Dri-Eaz

17  removed the California action to the Central District of California. Dkt. # 1. Allen removed the

18  Washington Action to this Court. After removal, this Court decided four substantive motions in

19  the Washington Action. It (1) denied Dri-Eaz's motion for a preliminary injunction, (2)

20  determined that Washington law governs the claim for breach of the non-compete agreement, (3)

21  denied Allen's motion to transfer venue to California, and (4) dismissed Dri-Eaz's second and

22  third causes of action, without prejudice, for failure to state a claim (C12-1638-RSM, Dkt. ## 38,

23  43).

24

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR
CONSOLIDATION - 2

1    During the pendency of the motions in the Washington Action, the California Action was

2    stayed. Dkt. # 31. In the order granting a stay, the Honorable Michael W. Fitzgerald denied,

3    without discussion, Allen and B-Air's then pending motion for summary judgment without

4    prejudice. *Id.* On January 25, 2013, after taking judicial notice of the rulings made by the

5    Washington Court, the California Court lifted the stay and granted Dri-Eaz's motion to transfer

6    venue to the Western District of Washington. Dkt. # 34. In that order, the Court stated "[t]he

7    Court accepts and agrees with the district court's finding that 'Washington has a strong interest

8    in determining the validity of non-compete agreements written by Washington companies and

9    signed by Washington employees' notwithstanding the fact that the alleged breach of the non-

10   compete agreement occurred in California." *Id.* at p. 2. The Court then concluded that "Section

11   1404 and the *Jones* factors weigh strongly in favor of transfer to the Western District of

12   Washington." *Id.* at p. 3.

13   The California Action was transferred to this Court, and on February 28, 2013, Allen and

14   B-Air filed the instant motion for summary judgment, renewing the arguments presented in the

15   prior summary judgment motion that was denied without prejudice. Dkt. # 39. Allen and B-Air

16   brought the California Action requesting a declaratory judgment that the Washington non-

17   compete agreement is void and unenforceable under California law. In the Washington Action

18   this Court found, that the non-compete agreement containing a Washington choice-of-law-

19   provision is governed by Washington law. Plaintiffs contend in their renewed motion for

20   summary judgment that transfer of the California Action obligates this Court to apply California

21   choice of law rules to the same issue previously decided under Washington choice of law rules:

22   whether Washington or California law governs the non-compete agreement.

23

24

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR
CONSOLIDATION - 3

1    In Dri-Eaz's current motion to consolidate, it requests that the Court merge the parallel

2  actions, or dismiss the California Action outright. Dkt. # 41, p. 3. The motions are addressed in

3  turn.

4                                    **III. DISCUSSION**

5  **A. Plaintiffs' Motion for Summary Judgment**

6    Allen and B-Air's renewed motion for summary judgment requests an entry of

7  declaratory judgment that California law governs and that the application of California law voids

8  the non-competition agreement at issue. Dkt. # 39, p. 3. Although the Court ruled that

9  Washington law applies to the non-competition agreement in the companion case, Plaintiffs

10  contend that, under *Van Dusen v. Barrack*, 376 U.S. 612 (1964), the transfer of a case pursuant

11  to Section 1404(a) requires the transferee court to apply the law of the transferor state to the

12  action. Thus, California choice-of-law rules must be applied to the choice-of-law question in the

13  declaratory action. Further, they argue, because application of California law is dispositive, the

14  Court should enter judgment in favor of Plaintiffs.

15    In *Van Dusen*, the Supreme Court announced the general rule that when a defendant

16  seeks transfer under Section 1404(a), the transferee district court must apply the law of the state

17  that would have applied absent a change of venue. *Id.* at 639. The Supreme Court recognized that

18  where a plaintiff's choice of venue is proper and the defendant seeks transfer to a more

19  convenient forum, the case should proceed as it otherwise would have in the original venue. *Id.* It

20  noted, however, that "[i]n so ruling . . . we do not and need not consider whether in all cases

21  section 1404(a) would require the application of the law of the transferor, as opposed to the

22  transferee, State." *Id.*

23

24

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR
CONSOLIDATION - 4

1    Dri-Eaz contends that the California Action is precisely the type of case that falls outside

2    the scope of *Van Dusen*. While *Van Dusen* concerned a transfer based on convenience, the Ninth

3    Circuit has held that *Van Dusen* does not apply to all transfers under § 1404(a). *See Nelson v.*

4    *Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983) (distinguishing cases transferred under 28

5    U.S.C. §§1404(a) or 1406(a) to cure lack of personal jurisdiction). Other district courts have also

6    agreed that it may be appropriate to disregard *Van Dusen* when application of the rule "would

7    run counter to the principles justifying [it]." *Artistic Stone Crafters v. Safeco Ins. Co.*, 726 F.

8    Supp. 2d 595, 600 (E.D. Va. 2010); *see also Premier Payments Online, Inc. v. Payment Sys.*

9    *Worldwide*, 848 F. Supp. 2d 513, 526 (E.D. Pa. 2012). Dri-Eaz argues that where, as here, the

10   declaratory action was anticipatory and transferred for the purpose of joining the "mirror image"

11   action, *Van Dusen* does not apply. Dkt. # 42, p. 6.

12   Although Plaintiffs are correct to note that the Ninth Circuit has never specifically held

13   that the law of the transferee state was applicable in a § 1404(a) convenience transfer, the facts

14   and procedural posture of these companion cases counsel against a mechanical application of the

15   *Van Dusen* rule. Here, the district court did not issue a lengthy transfer order. But it cannot be

16   said that transfer was driven by convenience considerations. Only after taking judicial notice of

17   this Court's January 4, 2013 Order (Case No. C12-1638-RSM, Dkt. # 37) did the California

18   Court transfer their case to the "strongly" favored Washington forum. *See* Dkt. # 34 ("Having

19   received and taken notice of that decision, the Court hereby LIFTS THE STAY and GRANTS

20   Defendants' Motion to Transfer Action to the Western District of Washington"). It went on to

21   state "[f]or the reasons that the district court denied a discretionary transfer . . . the Court finds

22   that this action should be transferred . . . ." *Id.* at 2-3.  Moreover, the district court issued specific

23   language that it "agrees and accepts" substantive findings made by this Court: specifically, that

24

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR
CONSOLIDATION - 5

1  Washington has a strong interest in determining the validity of the non-compete agreement

2  executed by Allen and Dri-Eaz in Washington. *See id.* at 2. Plaintiffs now ask the Court to apply

3  California law as if the issue arrived fresh and without prior consideration. Doing so could

4  potentially result in inconsistent judgments. Although *Van Dusen* generally requires the

5  transferee court to apply the transferor court's state law, it is unclear whether mechanical

6  application of the rule is warranted where the transferee court already decided the specific

7  choice-of-law conflict at issue under the law of its forum state. *See Van Dusen*, 376 U.S. at 639.

8  Moreover, the district court appears to have transferred the case out of deference to this Court's

9  rulings. *See Volvo Const. Equip. N.A., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 600 (4th Cir.

10  2004) (describing the transfer order as motivated by deference to the district court considering

11  the parallel action, and stating "in light of the principles animating the Supreme Court's decision

12  in *Van Dusen*, we are not at all sure that the *Van Dusen* precedent should be blindly and

13  mechanically applied"). In sum, this case is not an ordinary § 1404(a) convenience transfer

14  because the district court deferred to substantive rulings made by this Court before granting Dri-

15  Eaz's motion for change of venue. Accordingly, the Court declines to apply California law to

16  this action and DENIES Plaintiffs' motion for summary judgment.

17  **B.  Dri-Eaz's Motion to Consolidate or in the alternative, to Dismiss**

18        Having denied Plaintiffs' summary judgment motion for an entry of declaratory

19  judgment, the Court now decides whether consolidation or dismissal of the declaratory action is

20  appropriate. The Court finds consolidating the companion cases under one case the prudent

21  course.

22        Under Fed. R. Civ. P. 42(a), "[i]f actions before the court involve common questions of

23  law or fact, the court may . . . consolidate the actions . . . ." Before Rule 42(a) was adopted, the

24  general rule posited that "consolidation ... does not merge the suits into a single cause, or change

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR
CONSOLIDATION - 6

1  the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v.*

2  *Manhattan Ry. Co.,* 289 U.S. 479, 496-97 (1933). However, Rule 42(a) affords courts broad

3  discretion to consolidate cases. *In re Adams Apple, Inc.,* 829 F.2d 1484, 1487 (9th Cir.1987).

4        Merger of actions may be appropriate under certain circumstances. *See Schnabel v.. Lui,*

5  302 F.3d 1023, 1035 (9th Cir. 2002) (discussing three forms of consolidation including "when

6  several actions are combined and lose their separate identities"). At least one court in this District

7  found merger appropriate when the underlying facts for both actions were identical and the cases

8  were "largely opposites of each other." *Travelers Indem. Co. v. Longview Fibre Paper &*

9  *Packaging, Inc.*, Case No. C07-1009-BHS, 2007 WL 2916541, at *3 (W.D. Wash. Oct. 5, 2007).

10        In *Travelers*, the district court deviated from the traditional rule that consolidated actions

11  retain their separate character in part because the parties favored a merger of actions. *Id.* That is

12  not the case here, as Plaintiffs' contest Dri-Eaz's request for merger. But the *Travelers* court also

13  adopted merger because the parties, claims, and facts of the companion actions were mirror

14  images of each other. *See id.* Now that the Court has found that Washington choice-of-law rules

15  apply to both actions, these suits essentially mirror each other: each is based on the facts

16  surrounding Ms. Allen's former employment with Dri-Eaz, her current employment with B-Air,

17  and the validity of her Dri-Eaz non-compete agreement. Thus, consolidation and merger will

18  streamline resolution of the two cases, constrain inefficient litigation practices, and conserve

19  judicial resources. Dri-Eaz's Motion to Consolidate is accordingly GRANTED.

20                    **IV. CONCLUSION**

21        The Court, having considered the motions, the responses and replies thereto, the attached

22  exhibits and declarations, and the remainder of the record, hereby finds and ORDERS:

23        (1)     Plaintiffs' Motion for Summary Judgment (Dkt. # 39) is DENIED;

24

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR
CONSOLIDATION - 7

1       (2)     Dri-Eaz's Motion to Consolidate or Dismiss (Dkt. # 41) is GRANTED;

2       (3)     This action shall be CONSOLIDATED under Case. No. C12-1638-RSM;

3       (4)     The Clerk is directed to forward a copy of this Order to all counsel of record.

4

5       DATED this 11th day of June, 2013.

6

7

8                        RICARDO S. MARTINEZ

9                        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR
CONSOLIDATION - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR
CONSOLIDATION - 9